

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00358-CR

**ROBERT BLAKE ADAMS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 34553CR**

# O P I N I O N

Robert Blake Adams was convicted of the offense of felony murder based on the underlying offense of felony driving while intoxicated and sentenced to sixty-five years in prison. TEX. PEN. CODE ANN. §§ 19.02(b)(3); 49.04 (West 2003). Adams complains that the felony murder statute violates federal due process because of the lack of a *mens rea* requirement, that it was improper to convict him of murder based on the lack of a *mens rea*, that the indictment should have been dismissed because he committed the offense of intoxication manslaughter which cannot be the basis of a felony murder conviction, that a death resulting from intoxication is not murder but rather intoxication

manslaughter, and that the evidence was insufficient. Because we find no error, we affirm the judgment of the trial court.

*Facts*

Adams was driving on a farm-to-market road when he crossed over the center stripe and struck another vehicle, which resulted in the death of the driver of that vehicle. His blood alcohol content was .33 grams of alcohol per 100 milliliters of blood, which is more than four times the legal limit of .08 grams. Adams stipulated that he had been convicted of driving while intoxicated twice previously.

*Due Process and Mens Rea*

Adams's first four issues challenge the constitutionality and legality of charging him with felony murder.[1] The Texas Court of Criminal Appeals has expressly rejected Adams's claim that felony DWI, which has no independent *mens rea* requirement, cannot serve as the underlying felony for a felony murder conviction. *See Bigon v. State*, 252 S.W.3d 360, 365, 373 (Tex. Crim. App. 2008); *Lomax v. State*, 233 S.W.3d 302, 307-08 (Tex. Crim. App. 2007). Additionally, the Court of Criminal Appeals has rejected the argument that intoxication manslaughter is the exclusive remedy when a death results from a felony DWI. *Lomax*, 233 S.W.3d at 309.

---

[1] Specifically, Adams's four issues are: (1) Federal due process is offended if a non-regulatory criminal provision dispenses with a *mens rea* requirement; (2) prosecuting a case where a death results from a person driving while intoxicated as murder is contrary to Texas statutory law based on the failure to require a *mens rea*; (3) the facts of this case established that Appellant committed the offense of intoxication manslaughter [because] the Texas felony murder statute specifically prohibits manslaughter from being the underlying felony in a felony murder prosecution so this indictment should have been dismissed; and (4) a death that results from driving while intoxicated should be prosecuted as intoxication manslaughter and not murder.

Adams does not cite any Texas authority showing that the Texas felony murder statute violates the federal constitutional provision regarding due process. Further, the cases he cites fail to show that his conviction for felony murder is unconstitutional on due process grounds because the charged offense lacked an element of culpable criminal intent or *mens rea*. The Supreme Court "has never articulated a general constitutional doctrine of *mens rea*" and we have found no authority that the Supreme Court has ever held a state criminal statute unconstitutional for lack of scienter. *Powell v. Texas*, 392 U.S. 514, 535, 88 S. Ct. 2145, 20 L. Ed. 2d 1254 (1968); *see also Montana v. Egelhoff*, 518 U.S. 37, 56, 116 S. Ct. 2013, 135 L. Ed. 2d 361 (1996) ("The doctrines of *actus reus*, *mens rea*, insanity, mistake, justification, and duress have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of the criminal law and changing religious, moral, philosophical, and medical views of the nature of man. This process of adjustment has always been thought to be the province of the States."); *Lambert v. California*, 355 U.S. 225, 228, 78 S. Ct. 240, 2 L. Ed. 2d 228 (1957) ("We do not go with Blackstone in saying that a 'vicious will' is necessary to constitute a crime ... for conduct alone without regard to the intent of the doer is often sufficient. There is wide latitude in the lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition."); *Shevlin-Carpenter Co. v. Minnesota*, 218 U.S. 57, 70, 30 S. Ct. 663, 54 L. Ed. 930 (1910) ("[P]ublic policy may require that in the prohibition or punishment of particular acts it may be provided that he who shall do them shall do them at his peril and will not be heard to plead in

defense good faith or ignorance."); *Lomax v. Thaler*, No. H-09-0705, 2010 U.S. Dist. LEXIS 87683, 2010 WL 3362203, at 6 *4-5 (S.D. Tex. Aug. 25, 2010) (addressing the same issue).

The absence of scienter does not render a statute invalid if there is some indication of legislative intent, express or implied, to dispense with *mens rea* as an element of a crime. *United States v. Staples*, 511 U.S. 600, 605, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994) (citations omitted). In *Lomax*, the Court of Criminal Appeals noted that, in enacting the Texas felony murder statute, there was "clear legislative intent to plainly dispense with a culpable mental state." *Lomax*, 233 S.W.3d at 305 (*citing Aguirre v. State*, 22 S.W.3d 463, 472-76 (Tex. Crim. App. 1999)). The Court of Criminal Appeals observed that "the plain language of § 19.02(b)(3) also does not exclude felony DWI as an underlying felony for a felony-murder prosecution[.]" *Id*. at 309. Felony DWI, which does not require proof of a culpable mental state, may serve as the underlying felony in a felony murder prosecution. *Id*. at 309. The Court has since reaffirmed the ruling that a felony DWI may serve as the underlying offense in a felony murder conviction. *See Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008). None of the authority provided by Adams holds that felony murder cannot be charged in this manner or that his conviction is invalid for lack of the requisite *mens rea* as it relates to this offense. We overrule issues one, two, three, and four.

### Sufficiency of the Evidence

Adams complains that the evidence was insufficient in that the "act clearly dangerous to human life," which was driving across the center stripe of a roadway into

the opposing lane of traffic, was not "in furtherance of" the commission of the offense of felony DWI. *See* Tex. Pen. Code Ann. § 19.02(b)(3).

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.).

Adams does not contend that the evidence was insufficient to prove that he in fact did cross the center stripe of the roadway, which caused the collision in which an individual was killed. Rather, he contends that crossing the center stripe was not "in furtherance of" the offense of felony DWI, which he contends should be defined as advancing or promoting the commission of the underlying felony. However, the Court of Criminal Appeals rejected this specific contention in *Bigon v. State*, which has very similar facts to the case before us. *Bigon v. State*, 252 S.W.3d 360 (Tex. Crim. App. 2008) ("clearly dangerous act" was "driv[ing] a heavily loaded Jeep towing a loaded trailer across the center stripe of a roadway into the oncoming lane of travel.") We see no legally relevant distinction between the facts of this case and the facts of *Bigon*. The evidence was sufficient to sustain Adams's conviction in that a reasonable juror could have determined beyond a reasonable doubt that the act of crossing the center stripe, resulting in the collision that caused the death of an individual was an act in furtherance of the offense of felony DWI. We overrule issue five.

*Conclusion*

Having found no error in the trial court's judgment, we affirm the judgment of conviction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 8, 2011
Publish
[CRPM]