ACCEPTED
06-15-00078-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/29/2015 2:35:22 PM
DEBBIE AUTREY
CLERK

No.    06-15-00078-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

9/29/2015 2:35:22 PM

DEBBIE AUTREY
Clerk

# IN THE COURT OF APPEALS
## FOR THE SIXTH DISTRICT OF TEXAS AT TEXARKANA

**WILLIAM DEWAYNE WHITE**
**Appellant**

**v.**

**THE STATE OF TEXAS**
**Appellee**

ON APPEAL FROM THE 336TH JUDICIAL DISTRICT COURT OF FANNIN COUNTY, TEXAS
THE HON. LAURINE BLAKE, JUDGE PRESIDING
TRIAL COURT CAUSE NO. CR-14-25152

### APPELLANT'S BRIEF

*Oral argument is hereby waived*

**STEVEN R. MIEARS**
State Bar No. 14025600
211 North Main
Bonham, Texas 75418
Tel: 903-640-4963
Fax: 903-640-4964
Email: SteveMiears@msn.com

1 | P a g e

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................ 2

IDENTITY OF PARTIES AND COUNSEL...............................................................4

INDEX OF AUTHORITIES.................................................................................5

STATEMENT OF THE CASE..............................................................................8

STATEMENT REGARDING ORAL ARGUMENT................................................... 8

ISSUES PRESENTED....................................................................................... 6

STATEMENT OF FACTS...................................................................................8

SUMMARY OF APPELLANT'S ARGUMENTS.........................................................13

ARGUMENTS AND AUTHORITIES

ISSUE ONE ................................................................................14

The trial court erred in seating the alternate juror because she had already been discharged, and had not been sequestered, before the jury had reached its verdict.

ISSUE TWO ............................................................................ 15

There was insufficient evidence that the Appellant knowingly delivered the controlled substance in a drug free zone.

ISSUE THREE ...........................................................................19

In failing to provide for a culpable mental state for the drug free zone finding, Section 481.134(d) is unconstitutional on its face as violative of due process under the 14th amendment to the U.S. Constitution.

PRAYER ...................................................................................21

CERTIFICATE OF WORD COUNT ...............................................................23

CERTIFICATE OF SERVICE ......................................................................23

## Identity of Parties and Counsel

Under the Rules of Appellate Procedure, the following is a complete list of the names and addresses of all parties to the trial court's final judgment and their counsel in the trial court, and appellate counsel, so the members of the court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision and so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel of the judgment and all orders of the Court of Appeals.

Trial Judge: THE HONORABLE JUDGE LAURINE BLAKE
Court: 336TH JUDICIAL DISTRICT COURT,

Appellant: WILLIAM WHITE
TDC No.: 2001012
Gurney Unit 1385 FM 3328
Palestine, Texas 75803-5000

Steven R. Miears (Counsel on Appeal)
SBN 14025600
211 North Main
Bonham, Texas 75418

Appellee **.......................................** THE STATE OF TEXAS

Richard E. Glaser
SBN 08000000
Criminal District
Attorney 101 East Sam
Rayburn Drive Bonham,
Texas 75418

# INDEX OF AUTHORITIES

## Statutes, Codes, Constitutional Provisions, and Rules

Texas Penal Code: Jones McClure Publishing  2015-2016.
     Section 49.11          p.19
     Section 6.02 (a) and (b).   p.19
     Section 46.02         p.16

Texas Code of Criminal Procedure: Jones McClure Publishing  2015-2016.
     Article 33.011(b).      p.14

Texas Alcohol and Beverage Code: Lexis Publishing (2015)
     Section: 61.11.        p.17

## Cases

*Adams v. State,* 357 S.W.3d 387, 389 (Tex. App. Waco 2011).    p.21

*Apprendi v. New Jersey,* 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). p.18

*Bridges v. State,* 454 S.W.3d 87, 88-89 (Tex. App. Amarillo 2014).    p.16

*Castillo v. State,* 319 S.W.3d 966 (Tex. App. Austin 2010).    p.14

*Fluellen v. State,* 104 S.W.3d 152, 165-66 (Tex. App.—Texarkana 2003, no pet.)  p.16

*Harris v. State,* 125 S.W.3d 45, 50 (Tex. App.—Austin 2003, pet. dism'd)    p.18

*Hastings v. State,* 20 S.W.3d 786 (Tex. App. Amarillo 2000).    p.5

*Karenev v. State,* 281 S.W.3d 428 (Tex. Crim. App. 2009).    p.20

*Trinidad v. State,* 312 S.W.3d 23 (Tex. Crim. App. 2010).    p.14

*United States v. Staples,* 511 U.S. 600, 605, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994)    p.21

*Uribe v. State,* 573 S.W.2d 819 (Tex. Crim. App. 1978).    p.16

*Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd.)    p.16

Secondary Sources

Ryan Walters, *COMMENT: Raise It or Waive It? Addressing the Federal and State Split in Authority on Whether a Conviction Under an Unconstitutional Statute is a Jurisdictional Defect,* 62 Baylor L. Rev. 909, Fall 2010.          p.20

No.    06-15-00078-CR

---

## IN THE COURT OF APPEALS
## FOR THE SIXTH DISTRICT OF TEXAS AT TEXARKANA

---

**WILLIAM DEWAYNE WHITE**
Appellant

**v.**

**THE STATE OF TEXAS**
Appellee

---

ON APPEAL FROM THE 336TH JUDICIAL DISTRICT COURT OF FANNIN
COUNTY, TEXAS
THE HON. LAURINE BLAKE, JUDGE PRESIDING
TRIAL COURT CAUSE NO. CR-14-25152

---

**APPELLANT'S BRIEF**

**TO THE HONORABLE COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS:**

COMES NOW William DeWayne White, Appellant, in the above styled and

numbered cause, through Steven R. Miears, his undersigned attorney of record,

and files this Brief on Appeal, and requests the case be reversed and remanded to the trial court for a new trial.

## STATEMENT OF THE CASE

This case is an appeal of the entry of a judgment by the trial court which sentenced the Appellant to fifteen years in the Texas Department of Corrections. He was found guilty by a jury of delivering a controlled substance, methamphetamine, in a drug free zone. Punishment was decided by the trial judge. The offense became a third degree felony because of the drug free zone finding by the jury. In punishment, the trial court found that the Appellant had once before been convicted of a third degree felony. So his sentence range was enhanced by one prior felony conviction to that of a second degree felony. A recitation of the course of the proceedings is set forth in the Statement of Facts below.

## STATEMENT REGARDING ORAL ARGUMENT
Oral argument is not requested.

## ISSUES PRESENTED

ISSUE ONE: The trial court erred in seating the alternate juror because she had already been discharged, and had not been sequestered, before the jury had reached its verdict.

ISSUE TWO: There was insufficient evidence that the Appellant knowingly delivered the controlled substance in a drug free zone.

ISSUE THREE:  In failing to provide for a culpable mental state for the drug free zone finding, Section 481.134(d) is unconstitutional on its face as violative of due process under the 14th amendment to the U.S. Constitution.

STATEMENT OF FACTS

A. The Charge and the Range of Punishment.

Appellant was indicted August 21, 2014 for the crime of delivering less than one gram of a controlled substance listed in penalty group one. The indictment reads:

> The Grand Jurors, for Fannin County, Texas, at the July Tenn, 2014, of the 336th District Court present that on or about May 9, 2014, in Fannin County, Texas, and before the presentment of this indictment, WILLIAM DEWAYNE WHITE, Defendant, did then and there knowingly deliver, by actual transfer, constructive transfer, or offer to sell, to Confidential Informant No. 0423, a controlled substance, namely, methamphetamine, in an amount of less than one gram.
>
> And it is further presented in and to said Court that the defendant committed the above offense in, on, or within 1,000 feet of the premises of a youth center, to-wit: the Family Life Center.
>
> CR at pp. 18-19.

Methamphetamine is a controlled substance found in penalty group one. *See* Health and Safety Code, Section 481.102 (6). If the amount was less than one gram the offense is a state jail felony under 481.112(b). However, under section 481.134(b) an offense "otherwise punishable" under section 481.112 is "punishable" as a felony of the third degree if it is shown "at the punishment phase of the trial*"* that the offense was committed "in, on, or within 1000 feet of premises owned, rented, or leased by an institution of higher learning, the premises of a public or private youth center or a playground." Texas Health and Safety Code, Section 481.134 (b)(1). But, the same code section further provides that, "An offense otherwise punishable under Section 481.112(b) . . . is a felony of the third degree if it is shown on the trial of the offense that the offense was committed: (1) in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board, the premises of a public or private youth center, or a playground." Texas Health and Safety Code, Section 481.134(d)(1).

Depending upon whether the drug free zone is "shown on the trial of the offense," or, it is "shown at the punishment phase of the trial" the underlying offense is either a state jail felony punished as a third degree felony, or, a third degree felony. The jury found the Appellant guilty of the delivery. The jury was also given a "special issue" at the guilt/innocence phase to make a finding on whether the offense occurred in a drug free zone. The jury found the allegation to be "true." CR p. 104.

Whether the underlying offense is classified as a state jail felony punished as a third degree felony, or is a third degree felony, is important because in this case the indictment further alleged three prior felony convictions for enhancement. At the conclusion of the punishment phase of the trial the trial court found, however, only one of the priors to be "true" -- cause number 17217. This prior conviction was not a state jail felony. CR p. 88. RR. Vol. 5 p. 96.

A state jail felony not punishable under section 12.35(c) which is enhanced with one prior felony appears to only be punishable as a state jail felony. (*See* Penal Code Section 12.425.) But a third degree felony enhanced with a prior non-state jail felony is punishable as a second degree felony. Penal Code section 12.42(a). If the Appellant was convicted of a state jail felony punishable as a third degree felony under 481.134 (b)(1) the range of punishment was from two to ten years in prison. If, however, he was convicted of a third degree felony under 481.134(d)(1) enhanced by one prior felony conviction his punishment range is that of a second degree felony – two to twenty years in prison. Here the trial court found him guilty of a third degree felony based upon the jury's verdict, found one prior felony conviction true, and sentenced the Appellant to fifteen years in prison.

The Disqualification of a Juror and Seating of an Alternate.

Ms. Marie Cooper was selected to be a juror. RR Vol. 2 p. 127. After closing arguments the jury retired to deliberate. The alternate juror selected, Ms. Shaw, was

allowed to leave the courthouse. Prior to departing, the court advised her she was in recess until the bailiff called her and advised that her service was completed. Until then she was to follow all of the rules that had been in place. RR Vol. 4 pp. 50-52. After some period of deliberations had passed, it was brought to the judge's attention that Ms. Cooper was on a felony probation for which she had received a deferred adjudication. RR. Vol. 4 p. 58. After this was confirmed she was removed from the jury as a disqualified juror. RR. Vol. 4 pp. 53 – 57. The Court had Ms. Shaw summoned back to the courthouse to be seated as a juror. RR. Vol. 4 p. 62. The appellant objected to the seating of the alternate, and also requested a mistrial. The trial court overruled the objection and denied the request. RR. Vol. 4 pp. 57-59.

The Appellant raised no complaints at trial that the statute elevating his crime to a third degree felony was unconstitutional, and there were no objections to the court's charge.

## ISSUES STATED

ISSUE ONE: The trial court erred in seating the alternate juror because she had already been discharged, and had not been sequestered, before the jury had reached its verdict.

ISSUE TWO: There was insufficient evidence that the Appellant knowingly delivered the controlled substance in a drug free zone.

ISSUE THREE: In failing to provide for a culpable mental state for the drug free zone finding, Section 481.134(d) is unconstitutional on its face as violative of due process under the 14th amendment to the U.S. Constitution.

## SUMMARY OF APPELLANT'S ARGUMENTS

ISSUE ONE: The law states that alternate jurors are not to be discharged until the jury reaches a verdict. The alternate juror was not sequestered and was allowed to leave with instructions to follow the rules she had been given. After the regular jury retired to deliberate it was discovered that a juror was disqualified. That juror was removed. The alternate was called back to the courthouse and put on the jury over the Appellant's objection. This was error.

ISSUE TWO: There was insufficient evidence that the Appellant knowingly delivered the controlled substance in a drug free zone. The statute requires proof of some culpable mental state regarding the conduct occurring within a drug free zone because it does not dispense with that requirement.

ISSUE THREE: Alternatively, in failing to provide for a culpable mental state for the drug free zone finding, Section 481.134(d) is unconstitutional on its face as violative of due process under the 14th amendment to the U.S. Constitution. Appellant should not be precluded from raising this issue for the first time on appeal because proof of scienter is

fundamental to criminal liability unless there is clear legislative direction sanctioning a strict liability crime.

## ARGUMENT & AUTHORITIES

**Issue One:** The trial court erred in seating the alternate juror because she had already been discharged, and had not been sequestered, before the jury had reached its verdict.

Article 33.011(b) now states that alternate jurors "shall be discharged after the jury has rendered a verdict. . ." Tex. Code Crim. Proc. Article 33.011(b). Prior to being discharged an alternate juror may replace a regular juror prior to the jury reaching a verdict. As observed by the Texas Court of Criminal Appeals, the statute does not give the trial court guidance on whether the alternate juror is to be present and participate in the jury's deliberations, or should be sequestered from the regular jury until called upon to serve. The presence of the alternate going with the regular jurors into the jury room but not participating has been disapproved. *See Trinidad v. State,* 312 S.W.3d 23 (Tex. Crim. App. 2010). *Also see Castillo v. State,* 319 S.W.3d 966 (Tex. App. Austin 2010). In *Trinidad,* the Court suggests that the other option is to sequester the alternate. The Court never suggests that the alternate should be allowed to leave with instructions.

The record here shows that the alternate juror seated, Ms. Shaw, had not been sequestered after the jury retired to consider the verdict. Instead, she left the courthouse,

and was admonished to follow "the rules" previously given to her. RR Vol. 4 pp. 50-52. Presumably this would refer to the Court's instructions given initially at the trial. RR Vol. 3 pp. 20 – 26. However, it was not explained to the alternate juror these were the instructions she was expected to follow. No inquiry was made upon the alternate's return as whether she had followed these rules. Nor were the eleven remaining jurors advised to start their deliberations over. No instruction was given to the regular jurors to disregard any statements made by the disqualified juror. No evidence exists whether the jurors had already taken a vote with the disqualified juror.

The question presents whether the non-sequestered alternate juror was "discharged" by her leaving the courthouse. Appellant's view is that it was error to allow the alternate to leave. Allowing her to leave the courthouse resulted in her being "discharged" under Article 33.011. To insure the integrity of the trial process alternate jurors should be sequestered at some secure location, until the jury has reached a verdict. Seating her as the alternate over Appellant's objection was error. Failure to declare a mistrial as requested was error.

**Issue Two:** There was insufficient evidence that the Appellant knowingly delivered the controlled substance in a drug free zone.

Appellant acknowledges that authority holds that the State need not prove a culpable mental state regarding the location of the offense of delivery of a controlled

substance as in a drug free zone. The Dallas Court has held that "the offense created by sections 481.112(a) and 481.134(c) does not require a culpable mental state beyond that contained in section 481.112(c)." *See Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd.) This Court also addressed the issue, albeit in *dicta* after finding the issue had been waived, and concluded that the *mens rea* is connected with the wrongful act, and that nothing suggests there must also be a separate intent to commit the act in a particular place. *See Fluellen v. State,* 104 S.W.3d 152, 165-66 (Tex. App.— Texarkana 2003, no pet.) And, in *Bridges v. State,* 454 S.W.3d 87, 88-89 (Tex. App. Amarillo 2014), the Amarillo Court concluded that the State need not allege or prove that an accused had a particular *mens rea* regarding the location at which he possessed the controlled substance. The Texas Court of Criminal Appeals has not written on the issue.

These opinions have adopted the reasoning that the *mens rea* contemplated by the Health and Safety Code relates to the wrongful act: possessing or delivering the controlled substance. The argument goes, the State need not allege or prove that an accused had a particular *mens rea* regarding the location at which he possessed or delivered the controlled substance. All rely upon the reasoning of *Uribe v. State,* 573 S.W.2d 819 (Tex. Crim. App. 1978).

This reliance upon the reasoning of *Uribe* is wrong, or antiquated. *Uribe* dealt with the statutory elevation of the penalty range for the offense of unlawfully carrying a firearm under Penal Code section 46.02 if it occurs at a specific location. A UCW under 46.02 (a)

becomes a third degree felony under 46.02 (c) "if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages." The distinction between the locations elevating the crimes is obvious: someone will know if they are walking into a bar with a gun, whereas one must guess if they are dealing drugs within 1,000 feet of a youth center.

More importantly, though, is that owners of bars are statutorily required to post a warning on their door that carrying a weapon in there is illegal. Under section 61.11 of the Texas Alcohol and Beverage Code a distinctive, bi-color, and bilingual sign must be displayed in a prominent place on the license holder's premises "giving notice that it is unlawful for a person to carry a weapon on the premises unless the weapon is a concealed handgun the person is licensed to carry under Subchapter H, Chapter 411, Government Code. Tex. Alco. Bev. Code § 61.11. No such warning or notice requirement is required for dealers of narcotics upon entering a drug free zone.

Appellant acknowledges this Court was presented this issue before in *Fluellen v. State,* 104 S.W.3d 152, 167-168 (Tex. App. Texarkana 2003). However, in *Fluellen,* Court held that the issue had been waived at trial and on appeal. Here the issue is presented based upon the premise that the statute requires a culpable mental state to attach to the drug free zone finding, and there is no evidence to support that finding.

Section 481.134 (b) provides that it is punishable as a felony of the third degree, if it is shown at the punishment phase of the trial of the offense. Section 481.134(d) states it is a felony of the third degree if it is shown on the trial of the offense. Whether the drug free zone issue is addressed at the guilt/innocence phase or at the punishment phase was the subject of *Harris v. State,* 125 S.W.3d 45, 50 (Tex. App.—Austin 2003, pet. dism'd) and *Hastings v. State,* 20 S.W.3d 786 (Tex. App. Amarillo 2000). Neither case addressed whether a culpable mental state was required, although both concluded that it was not error to address the issue at the guilt/innocence phase. *Harris* pointed out that to remove a finding which increased a punishment range from the jury consideration would violate due process according to *Apprendi v. New Jersey,* 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

However, nothing from the language of the indictment gives the Defendant any notice which procedure will be followed. It is apparently left to the discretion of the State how it wishes to proceed. Here, the State's position was to proceed under 481.134(d) and submit the issue to the jury at the guilt/innocence phase. Proceeding in that way caused the conviction with a drug free zone finding to become a third degree felony *ab initio*. It then could be enhanced in punishment range by prior convictions at the punishment phase.

In the requirement of a *mens rea* it should not matter whether the State is seeking the finding at guilt/innocence, or as a special finding for enhancement at punishment.

Either way it was incumbent upon the State to prove that the Appellant knowingly engaged in the conduct defined in 481.134(d): a delivery within a drug free zone.

Under Texas Penal Code section 6.02(a) a person commits no offense unless he engages in conduct "as the definition of the offense requires" with some culpable mental state. Under Texas Penal Code section 6.02(b) if the definition of an offense prescribes no culpable mental state, a culpable mental state is required unless the definition "plainly dispenses" with any mental element. *See* Tex. Penal Code section 6.02 (a) and (b). Nothing in the statute dispenses with the requirement of a *mens rea* as it relates to the location of the delivery. It is the conduct of delivering the substance within a particular area which defines the offense for the enhanced penalty. Had the legislature intended for this to be a matter of strict liability it would have dispensed with the requirement of scienter. For an example of such a statute, see section 49.11 of the Texas Penal Code which eliminates the need for proof of a culpable mental state of offenses under Chapter 49. There is no authority found in the statute to support the premise that scienter is not required as to the drug free zone finding. Thus, the default position of the Code is that a culpable mental state is required.

Here, there was no evidence that the Appellant knew that the location of the delivery was within 1,000 of the Family Life Center. Absent such evidence there is insufficient evidence to support the jury's affirmative finding on the special issue. The

verdict should be reformed to show a conviction for a state jail felony. As a state jail felony the case should be remanded for a new hearing on punishment.

**Issue Three:** In failing to provide for a culpable mental state for the drug free zone finding, Section 481.134(d) is unconstitutional on its face as violative of due process under the 14th amendment to the U.S. Constitution.

If the statute is held to require no culpable mental state to support the drug free zone finding, then the statute is unconstitutional on its face. Appellant acknowledges that currently the law is that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State,* 281 S.W.3d 428 (Tex. Crim. App. 2009). Appellant argues that *Karenev* should not be the law. *Karenev* was a plurality opinion. *See* Ryan Walters, *COMMENT: Raise It or Waive It? Addressing the Federal and State Split in Authority on Whether a Conviction Under an Unconstitutional Statute is a Jurisdictional Defect,* 62 Baylor L. Rev. 909, Fall 2010. As stated by Judge Cochran in her forceful concurring opinion in *Karenev* in which she was joined by four judges:

> There are two good reasons why appellate courts should entertain a facial challenge to the penal statute setting out the offense for which the defendant was convicted, even when it is raised for the first time on appeal:
>
> (1) American law prohibits the conviction and punishment of a person under an unconstitutional penal statute; in other words, it is an 'absolute requirement' that a person be criminally punished only for the violation of a valid penal law; and

(2) Appellate courts are in at least as good a position as trial courts to review the purely legal question of whether a particular penal statute is facially unconstitutional.

Without reference to any of the evidence, the statute on its face is void in its vagueness and overbreadth for its failure to require any culpable mental state for the drug free zone finding. It is true that the absence of scienter does not render a statute invalid so long as there is an indication of legislative intent, express or implied, to dispense with *mens rea* as an element of a crime. *United States v. Staples,* 511 U.S. 600, 605, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994) (citations omitted). *Adams v. State,* 357 S.W.3d 387, 389 (Tex. App. Waco 2011). Here, there is no indication of a legislative intent to exclude the requirement of a culpable mental state. Its failure to include it as it relates to the finding of a drug free zone renders the statute void. As a void statute the trial court lacked jurisdiction to submit that special issue to the jury. The Court should reform the judgment to delete that finding, and remand the case for a new hearing punishment for a state jail felony.

## Prayer

WHEREFORE, PREMISES CONSIDERED, APPELLANT PRAYS for the relief requested , to wit: that the Court reverse the trial court's entry of a judgment

of a conviction for a third degree felony enhanced, and remand the case back to the

trial court for a new trial or a new hearing on sentencing for a state jail felony.

RESPECTFULLY SUMITTED,

_____

**Steven R. Miears**
211 North Main
Bonham, Texas 75418
eMail:
stevenmiears@msn.com
Tel. 903-640-4963
Fax: 903-640-4964
State Bar Card No. 14025600

Attorney for Appellant

**Certificate of Word Count**

Counsel for the Appellant certifies that the word count of this brief is less than 4,500 words and within the limitations for length of briefs on appeal.

_____
Steven R. Miears

**Certificate of Service**

This is to certify that a copy of the above and foregoing Appellant's Brief on Appeal was e-filed to Richard E. Glaser, Fannin County Criminal District Attorney; 101 East Sam Rayburn Drive; Bonham, Texas 75418; on September 29, 2015; and, that a copy was mailed to the Appellant, William White. This brief was also served on the Office of the State Prosecuting Attorney, Ms. Lisa McMinn by electronic service.

_____
Steven R. Miears