# NO. 12-18-00327-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALEJANDRO LEON PATINO,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Alejandro Leon Patino appeals his conviction for possession with intent to deliver. In a single issue, Appellant argues the trial court erred when it denied his motion for mistrial. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of four or more but less than 200 grams of methamphetamine, with intent to deliver. Appellant pleaded "not guilty" and the matter proceeded to jury trial. When the jury retired to deliberate, the alternate juror followed and entered the jury room. After the court discovered the alternate juror's presence in the jury room, it removed her and took her to a separate location. Appellant moved for a mistrial arguing that the alternate juror's presence in the jury room violated the sanctity of the jury. The trial court denied the motion. The jury ultimately found Appellant "guilty" and sentenced him to fifty-five years imprisonment. This appeal followed.

## DENIAL OF MOTION FOR MISTRIAL

In his sole issue, Appellant contends the trial court abused its discretion by denying his motion for mistrial when the alternate juror was allowed into the jury room during deliberations.

**Standard of Review**

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Mistrial is the appropriate remedy when an error is so prejudicial that expenditure of further time and expense on a trial would be futile. *Id*. It is a remedy intended for extreme circumstances, when prejudice is incurable and less drastic alternatives have been explored. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).

**Analysis**

Appellant urges that the trial court abused its discretion in denying his motion for mistrial. He contends that the alternate juror's presence in the jury room during deliberations created a presumption of harm and that the State failed to rebut this presumption.

Under Texas law, no person is permitted to be with a jury while it is deliberating, and no person is permitted to converse with a juror about the case on trial except in the presence and by the permission of the trial court. TEX. CODE CRIM. PROC. ANN. art. 36.22 (West 2006). Harm to the accused is presumed when a juror converses with an unauthorized person about the case. *See Quinn v. State,* 958 S.W.2d 395, 401 (Tex. Crim. App. 1997); *Green v. State,* 840 S.W.2d 394, 406 (Tex. Crim. App. 1992); *Stults v. State,* 23 S.W.3d 198, 206 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *Drone v. State,* 906 S.W.2d 608, 617 (Tex. App.—Austin 1995, pet. ref'd). If the presumption of harm arises, the State has the burden to rebut the presumption by showing no injury or prejudice to the accused. *Stults,* 23 S.W.3d at 206; *see also Quinn,* 958 S.W.2d at 401. However, the defendant has the initial burden to show that a conversation about the case on trial occurred between a juror and an unauthorized person. *See Chambliss v. State,* 647 S.W.2d 257, 265–66 (Tex. Crim. App. 1983); *Stults,* 23 S.W.3d at 206–07. The defendant's burden is not satisfied if there is no showing what a reported conversation was about. *Stults,* 23 S.W.3d at 207.

In the present case, after the jury retired, the court went on the record and informed Appellant and the State that it learned the alternate juror "was inadvertently put into the jury room at the beginning of deliberation." The court had removed the alternate juror and taken her to a separate location. The State claimed that the alternate juror had been with the jury for approximately five or six minutes before being removed and that no harm resulted. Appellant requested a mistrial and, through his counsel, stated:

2

> It's the defendant's position that the sanctity of the jury, that the 12 members who were chosen were taken back, that someone who was not a member of that, even though they listened to the evidence, was allowed to go back in there. We don't know what happened. But, again, we would ask the Court to declare a mistrial, based upon the fact that someone who was not suppose to be in the jury room during deliberations was actually allowed to go back there.
>
> And, again, we don't know what harm, we don't know anything that has done, but again, the rules are very strict, and very -- how the sanctity of those 12 that are back there to decide, that -- no matter what amount of time was back there, that deliberations had started, and that it was brought to the Court's attention by the defense attorney that she was back there, not knowing until after several minutes into it.
>
> Again, Judge, we believe that a mistrial should be declared.

The trial court denied the motion.

Appellant made no showing of any conversation about the case between the alternate juror and the regular jurors during the time period involved. Rather, his counsel admitted not knowing what occurred between the alternate and regular jurors. Appellant made no attempt to question the jurors about whether any conversations occurred. Without a showing that the alternate juror actually participated in deliberations or communicated with the regular jurors about the case, Appellant has not met his initial burden. *See **Castillo v. State***, 319 S.W.3d 966, 970, 972-73 (Tex. App.—Austin 2010, pet. ref'd) (overruling complaint that alternate jurors' presence in jury room violated statutory and constitutional rights; no presumption of harm because appellant failed to present evidence that alternate jurors conversed with regular jurors); ***Klapesky v. State***, 256 S.W.3d 442, 452 (Tex. App—Austin 2008, pet. ref'd) (overruling complaint that trial court allowed alternate jurors to enter jury room to begin deliberations, noting that jury had not begun deliberations in five minutes that alternate jurors were in jury room, and there was no showing of any conversation about the case between alternate jurors and regular jurors during time period involved). Therefore, the trial court did not abuse its discretion when it denied the motion for mistrial. We overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-18-00327-CR**

**ALEJANDRO LEON PATINO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3CR-17-33117)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*