

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00143-CR

**JOE LUIS BECERRA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court
Brazos County, Texas
Trial Court No. 14-03925-CRF-361**

## MEMORANDUM  OPINION

Joe Luis Becerra appeals from a conviction for possession of a firearm by a felon. TEX. PENAL CODE ANN. § 46.04. Becerra complains that his right to a twelve-person jury pursuant to Article V, Section 13 of the Texas Constitution was violated because an alternate juror was present during deliberations and that the presence of the alternate juror during deliberations violated Articles 33.01, 33.011, and 36.22 of the Code of

Criminal Procedure. Because we find no reversible error, we affirm the judgment of the trial court.

On original submission, this Court held that Becerra had failed to preserve his complaints regarding the alternate juror because his objection was not made timely. *See Becerra v. State*, No. 10-17-00143-CR, 2019 Tex. App. LEXIS 4850, 2019 WL 2479957 (Tex. App.—Waco June 12, 2019). The Court of Criminal Appeals reversed, stating that the objection was made timely because it was made when Becerra's trial counsel became aware of the error. *See Becerra v. State*, 620 S.W.3d 745, 748 (Tex. Crim. App. 2021). The Court of Criminal Appeals remanded the proceeding for us to consider the merits of Becerra's issues.

**THIRTEENTH JUROR**

In his first issue, Becerra complains that his right to a jury composed of only twelve persons pursuant to Article V, Section 13 of the Texas Constitution was violated because an alternate juror was present during part of jury deliberations in the guilt-innocence phase of the trial. In his second issue, Becerra complains that the presence of the alternate juror during jury deliberations violated Articles 33.01, 33.011, and 36.22 of the Code of Criminal Procedure.

Article V, Section 13 of the Texas Constitution and Article 33.01 of the Code of Criminal Procedure direct that juries in district courts are to contain twelve members. TEX. CONST. Art. V, Sec. 13; TEX. CODE CRIM. PROC. ANN. art. 33.01. Alternate jurors are

permitted to be selected and sworn in, and Article 33.011(b) of the Texas Code of Criminal Procedure states that an alternate juror, if not called upon to replace a regular juror, shall no longer be discharged at the time the jury retires to deliberate but shall be discharged after the jury has rendered a verdict. TEX. CODE CRIM. PROC. ANN. art. 33.011(b). The statute does not give direction as to the whereabouts of the alternate juror during deliberations or if allowed to be in the jury room, the permitted extent, if any, of their role in deliberations. However, Article 36.22 of the Texas Code of Criminal Procedure states that "[n]o person shall be permitted to be with a jury while it is deliberating." TEX. CODE CRIM. PROC. ANN. art. 36.22.

In this proceeding, voir dire was conducted by the elected judge of the district court. An alternate juror was selected during voir dire. A visiting judge conducted the rest of the trial after voir dire was completed. When the jury retired to begin its deliberations as to guilt or innocence, the alternate juror went into the jury room with the panel. Around forty-five minutes later, the State advised the bailiff that the alternate was in the jury room with the jury, and the bailiff brought it to the attention of the trial court. The trial court removed the alternate juror and placed him in a separate room.

The trial court then conducted a hearing regarding the alternate juror. The trial court and the attorneys for the State and Becerra discussed the analysis and holding in *Trinidad v. State*, 312 S.W.3d 23 (Tex. Crim. App. 2010) in order to determine how to proceed. The State requested an instruction to be given to the jury to disregard any

participation by the alternate juror. The trial court agreed to give an instruction. Counsel for Becerra agreed with the substance of the instruction but asked for a mistrial "based on the presence of the juror, preserving any error, if any" even though he informed the trial court he did not have any indication of harm at that point. Counsel for Becerra did not seek to question the alternate juror or other jurors regarding what the alternate's participation in deliberations had been or whether the alternate had impacted any juror's vote. The trial court overruled Becerra's motion for mistrial and called the jury back to give them an instruction.

The instruction given to the jury was as follows:

Members of the jury, jury deliberations began at 9:45 a.m. At 10:31 a.m., the Court realized that the alternate juror, [alternate juror], was allowed into the jury room by mistake and [alternate juror] was at that time asked to separate from the jury. [Alternate juror] has been placed in a separate room over here and he will continue to serve as the alternate juror in this case. He simply cannot be present during the deliberations of the 12 jurors.

You are to disregard any participation during your deliberations of the alternate juror, [alternate juror]. And following an instruction on this extra note that the Court received, you should simply resume your deliberations without [alternate juror] being present.

The jury was then sent back into the jury room to resume deliberations and it returned a verdict of guilty, which was confirmed when the members of the jury panel were polled individually.

After trial, Becerra filed a motion for new trial in which he alleged violations of Texas Constitution Article V, Section 13 and Articles 33.01, 33.011, and 36.22 of the Code

of Criminal Procedure.  Becerra attached an affidavit to the motion.   One of the original twelve jurors signed the affidavit. In the affidavit, the juror stated that the alternate juror voted on the verdict of guilty prior to the time that the bailiff discovered the alternate juror's presence; the remaining panel did not vote again on the issue of guilt or innocence after the alternate was removed.

At the hearing on the motion for new trial, the State objected, under Texas Rule of Evidence 606(b), to the admission of the affidavit.  The trial court admitted the affidavit but overruled the motion for new trial.

Becerra's issues are framed as a constitutional violation pursuant to the Texas constitution and statutory violations pursuant to the Code of Criminal Procedure. However, in this proceeding as to these complaints, Becerra alleges two separate alleged errors by the trial court: the denial of his motion for mistrial and the denial of his motion for new trial. The alleged constitutional and statutory violations serve as the basis for the trial court's complained-of errors. We will address the issues within the framework of the motion for mistrial and the motion for new trial.

**MOTION FOR MISTRIAL**

Becerra argues that the trial court erred by failing to grant his motion for mistrial due to the alleged violations of the Texas Constitution and the Code of Criminal Procedure.    In *Trinidad v. State*, the Texas Court of Criminal Appeals held that allowing alternate jurors to be present in the jury room during deliberations did not violate the

constitutional prohibition against deliberation by more than twelve jurors. *Trinidad v. State*, 312 S.W.3d 23, 28 (Tex. Crim. App. 2010). The court declined, however, to determine whether the presence of an alternate juror during deliberations violated article 36.22 and has recently again declined to answer this question even after granting a petition for discretionary review on its own motion on this very issue. *Id*. at 29-30; *Laws v. State*, No. PD-1124-20, 2022 Tex. Crim. App. LEXIS 83 at *8 (Tex. Crim. App. Feb. 2, 2022).

Article 36.22 provides that no person is permitted to be with a jury while it is deliberating, or to converse with a juror about the case on trial except in the presence and by the permission of the trial court. TEX. CODE CRIM. PROC. art. 36.22. Harm to the accused is presumed when a juror converses with an unauthorized person about the case. *See Quinn v. State*, 958 S.W.2d 395, 401 (Tex. Crim. App. 1997); *Castillo v. State*, 319 S.W.3d 966, 973 (Tex. App.—Austin 2010, pet. ref'd); *Stults v. State*, 23 S.W.3d 198, 206 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). If the presumption of harm arises, the State has the burden to rebut the presumption by showing no injury or prejudice to the accused. *Stults*, 23 S.W.3d at 206 (*citing Quinn*, 958 S.W.2d at 401). However, the defendant has the initial burden to show that some discussion about the case on trial occurred between a juror and an unauthorized person. *Chambliss v. State*, 647 S.W.2d 257, 265-66 (Tex. Crim. App. 1983); *Castillo*, 319 S.W.3d at 973; *Stults*, 23 S.W.3d at 206-07. This would ostensibly include whether or not the alternate juror participated in any facet of

the voting. The defendant's burden is not satisfied if there is no showing what a reported conversation was about. *Stults*, 23 S.W.3d at 207.

In relation to the motion for mistrial, it is undisputed that the alternate juror was with the jury for approximately forty-five minutes before he was discovered and removed, however, Becerra did not attempt to question any member of the jury or the alternate juror regarding what had taken place. Without a showing at the time of the motion for mistrial that the alternate juror had actually participated in deliberations or communicated with the regular jurors about the case, Becerra had not at that time met his initial burden to raise a presumption of harm. *See Castillo*, 319 S.W.3d at 973 (presumption of harm did not arise because defendant presented no evidence that the alternate jurors conversed with the regular jurors). Because of this, the trial court did not abuse its discretion by denying the motion for mistrial based on the information it had before it at the time of its ruling.

**MOTION FOR NEW TRIAL**

Becerra also filed a motion for new trial based on the alleged violations of the Texas constitution and Code of Criminal Procedure and attached an affidavit by one of the jurors in support of the motion. The juror's affidavit stated:

> My name is [juror]. I was a juror in *State of Texas v. Joe Becerra*, cause number 14-03925-CRF-361. During the jury deliberations in the case, the individual later identified by the trial judge as the "alternate juror" voted on the verdict of "guilty" ultimately returned by the jury. The alternate juror's presence in the jury room was not discovered until after the verdict vote was taken on guilt by the jury. After this vote, there was a question the jury had

concerning the special issue submitted to the jury by the trial judge and when the bailiff appeared to collect the question, the bailiff realized the alternate juror was present in the jury room. Thereafter, alternate juror participated in the deliberation until the court bailiff came and collected us and brought us into the courtroom. After the alternate juror was excused the remaining 12 jurors did not revote on the issue of guilt as the verdict vote taken while the alternate juror was present in the jury room was unanimous.

The State objected to the admission of the affidavit pursuant to Rule 606(b) of the Rules of Evidence at the hearing on the motion for new trial, but the trial court overruled its objection and admitted the affidavit. After hearing the arguments of counsel and considering the evidence before it, the trial court denied Becerra's motion for new trial because it found that Becerra had not been harmed by the alleged errors.

The Court of Criminal Appeals stated in its opinion in this proceeding that:

[i]n *Trinidad*, we stated that violations of Article V, Section 13 are jury misconduct claims and, as such, should be preserved as jury misconduct claims. [*Trinidad*, 312 S.W.3d] at 28-29. A motion for new trial, supported by an affidavit, is the proper method for preserving a jury misconduct error. *Trout v. State*, 702 S.W.2d 618, 620 (Tex. Crim. App. 1985).

*Becerra v. State*, 620 S.W.3d 745, 749 (Tex. Crim. App. 2021).

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). A defendant will be granted a new trial "when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial

trial." TEX. R. APP. P. 21.3(g). "To warrant a new trial based on jury misconduct, the movant must establish not only that jury misconduct occurred, but also that it was material and probably caused injury." *Ryser v. State*, 453 S.W.3d 17, 39 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (*citing Bogue v. State*, 204 S.W.3d 828, 829 (Tex. App.—Texarkana 2006, pet. ref'd).

Generally, "a juror may not testify as to any matter or statement occurring during the jury's deliberations, the effect the matter had on any juror's mind or mental process, or how the matter influenced the juror's decision-making." *Ryser*, 453 S.W.3d at 40. However, when there is an allegation of juror misconduct, Rule of Evidence 606(b) allows a juror to testify on whether "an outside influence was improperly brought to bear on any juror." TEX. R. EVID. 606(b); *see McQuarrie*, 380 S.W.3d at 154. Then, without delving into the jury's deliberations, the trial court must conduct an objective analysis to determine whether there is a reasonable probability that the outside influence had a prejudicial effect on the "hypothetical average juror." *Colyer v. State*, 428 S.W.3d 117, 129 (Tex. Crim. App. 2014). The existence of an outside influence does not result in an automatic reversal, however. *Ryser*, 453 S.W.3d at 41. An outside influence is only problematic "if it has the effect of improperly affecting a juror's verdict in a particular manner—for or against a particular party." *Id*. (*quoting Colyer*, 428 S.W.3d at 129).

The juror's affidavit indicated that the alternate juror voted during deliberations during guilt-innocence but was removed from the jury room prior to the return of the

ultimate verdict. However, there was nothing included about whether or not the alternate juror otherwise participated in the deliberations, such as whether the alternate juror attempted to convince another juror of Becerra's guilt or the effect of some other aspect of the evidence. Such evidence would have been admissible pursuant to Rule 606(b). However, the part of the juror's affidavit that related to what transpired after the "outside influence" of the alternate juror was removed, alleging that a subsequent vote was not taken was not properly admissible pursuant to Rule 606(b), because it did not involve evidence regarding the outside influence or its impact on any juror or the deliberations.

In *Trinidad*, the Court of Criminal Appeals stated that "[a]s long as only the twelve regular jurors voted on the verdicts that the appellants received, it cannot be said that they were judged by a jury of more than the constitutionally requisite number." *Trinidad*, 312 S.W.3d at 28. That court referred to the verdict that was received as the "ultimate verdict." *See id*. The ultimate verdict received by Becerra was voted on by a panel of twelve jurors, and therefore, we find that in this proceeding there was no violation of Article V, Section 13 of the Texas Constitution. Additionally, because we have found that Article V, Section 13 was not violated, we do not find that Article 33.01(a) of the Code of Criminal Procedure, which codifies Article V, Section 13's requirement of a petit jury of exactly twelve members, was violated either because only twelve regular jurors voted on the ultimate verdict that Becerra received, and thus, his jury did "consist" of twelve jurors

for purposes of the statute. *See* TEX. CODE CRIM. PROC. art. 33.01(a) ("[i]n the district court, the jury shall consist of twelve qualified jurors.").

As to the other alleged statutory violations, primarily article 36.22 regarding the presence of outsiders with the jury during deliberations, we have found no authority that has established a hard rule that the presence of the alternate jurors in the jury room during deliberations is absolutely improper. Until the Court of Criminal Appeals determines otherwise, we find that the evidence of the alternate juror's presence and even initial participation in voting with the jury during deliberations as presented in this proceeding is not sufficient to constitute a reasonable probability that the alternate juror's outside influence had a prejudicial effect on the "hypothetical average juror." The verdict was unanimous on the ultimate verdict received by Becerra by the twelve members of the jury, and there is nothing in the record to indicate otherwise.

We do not find that the trial court's denial of the motion for new trial was outside of the zone of reasonable disagreement, and therefore, there was no abuse of discretion by the trial court. We overrule Becerra's issues one and two.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Wright[1]
Affirmed
Do not publish
Opinion delivered and filed April 20, 2022
[CRPM]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.