

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00299-CR

---

**RANDALL GENE LOONEY, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1584436D, Honorable Steven Jumes, Presiding

---

September 19, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Randall Gene Looney, was convicted by a jury of continuous sexual abuse of a child under age fourteen.[1] The trial court assessed punishment at thirty years' confinement. By a sole issue, he maintains the trial court erred

---

[1] TEX. PENAL CODE ANN. § 21.02(b).

in overruling his motion for mistrial after determining he was not harmed by an alternate juror's participation in jury deliberations.[2]  We affirm.

## BACKGROUND

Appellant was charged with continuous sexual abuse of his biological granddaughter from the time she was six until she was fifteen.  As the sufficiency of the evidence is not challenged, only the facts necessary to disposition of Appellant's sole issue are presented.

After closing arguments during guilt/innocence concluded, the jury began its deliberations on Thursday, September 22, 2022, at 11:25 a.m.  At 12:05 p.m., the trial court announced a scheduling conflict for that afternoon and the following day, and the jury was excused until the following Monday, September 26.

Deliberations resumed on the morning of September 26 and after approximately two hours, the jury reached a verdict.  Before announcing the verdict, the trial court advised the parties it had learned on September 22, after excusing the jury, the alternate juror had been present in the jury room.  During the brief deliberations, each juror, including the alternate, had offered initial thoughts on guilt or innocence which the presiding juror memorialized in a note labeled "Jury Sentiments."  The alternate indicated "leaning towards guilty, but certain after he testified."  The initial vote favored a not guilty

---

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

verdict. The alternate was not, however, present when deliberations resumed on September 26.

Defense counsel immediately expressed concern over the alternate juror's presence during deliberations and moved for mistrial. The trial court overruled the motion but then suspended its ruling pending further research and argument by the parties.

Defense counsel argued the presence of a thirteenth juror was a constitutional violation of several statutes and resulted in a prohibited outside influence on the jury addressed by Rule 606(b) of the Texas Rules of Evidence. He argued article 36.22 of the Texas Code of Criminal Procedure expresses a bright-line rule prohibiting an outside person from deliberating with the jury. He opined the violation resulted in presumed harm. The State argued the note was merely an initial vote and did not rise to the level of an outside influence. The absence of the alternate juror when deliberations resumed on September 26, according to the State, indicated there was no influence on the jury.

The trial court examined authorities submitted by both sides and overruled the motion for mistrial noting there was "no apparent harm." Defense counsel moved to question the alternate juror regarding the extent of his participation in the brief deliberations on September 22. The trial court deferred counsel's request until after the guilty verdict was announced but before proceeding to the punishment phase. The trial court expressed it wanted to hear from the alternate juror but acknowledged jury deliberations are "secularly sacrosanct" and the substance of deliberations is inadmissible under the Texas Rules of Evidence.

The alternate juror was sworn in and during questioning by the trial court, he confirmed his presence in the jury room on September 22 for approximately thirty minutes. He testified that on September 26 when deliberations resumed, he was isolated in a separate jury room and had no contact or conversation with any of the jurors. He did not consider his presence on September 22 much of a factor as a unanimous verdict was not reached at that time.

During questioning by defense counsel, the alternate juror recalled the only participation on September 22 was each jurors' opinion without any further discussion due to the time constraints that day. The State elected not to question the alternate juror, but the trial court and defense counsel continued with follow-up questions. The alternate juror denied expressing any opinions or thoughts on the case. The trial court then proposed questioning the presiding juror who had written the note.[3]

The presiding juror testified none of the jurors were aware who the alternate was on September 22, and to his knowledge, there was no discussion about the case between September 22 and 26 as the jurors were all strangers. He described the "Jury Sentiments" as "gut instincts." He did, however, describe the alternate juror as having "one-thirteenth" of an influence on September 22. He confirmed ninety-five percent of the verdict was reached on September 26 and the alternate juror had not particularly influenced him or any other jurors. The trial court asked if the jury "effectively [started deliberations] from scratch" on September 26 to which he answered, "[y]es." He also explained the jurors did not have much time on September 22 for any discussion on their

---

[3] Before proceeding, Appellant testified he wished to elect the trial court to assess punishment.

4

sentiments because they had less than an hour to deliberate. He testified the "Jury Sentiments" note had been given to a bailiff on September 22 and he had no knowledge of any of the jurors referencing the note during deliberations on September 26. After hearing from the alternate and presiding jurors, the trial court adhered to its earlier ruling overruling the motion for mistrial.

## APPLICABLE LAW—ALTERNATE JURORS

Article 36.22 of the Texas Code of Criminal Procedure prohibits any person from being with a jury during deliberations or conversing with a juror except in the presence of the trial court and with its permission. TEX. CODE CRIM. PROC. ANN. art. 36.22. The goal of article 36.22 is to insulate jurors from outside influence. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) (citing *Chambliss v. State*, 647 S.W.2d 257, 266 (Tex. Crim. App. 1983)). In *Ocon*, defense counsel overheard a juror speaking on his cell phone in the men's restroom about the trial. *Ocon*, 284 S.W.3d at 882. The Eastland Court of Appeals reversed Ocon's conviction based on the trial court's denial of a motion for mistrial. *Ocon v. State*, No. 11-06-00036-CR, 2008 Tex. App. LEXIS 376, at *6 (Tex. App.—Eastland Jan. 17, 2008) (mem. op., not designated for publication). The Court of Criminal Appeals, however, reversed after finding there was no evidence to suggest a juror received outside information from an improper conversation. *Ocon*, 284 S.W.3d at 887–88. The Court observed that a violation of article 36.22 does not automatically require a mistrial; rather, it creates a rebuttable presumption of harm. *Id.* at 885.

5

**ISSUE—DENIAL OF MISTRIAL**

Appellant challenges the trial court's determination he was not harmed by the alternate juror's presence with the jury on the first day of deliberations. He asserts the record establishes the alternate juror substantially influenced the jury's guilty verdict and that a violation of article 36.22 resulted in presumed harm. We disagree Appellant was harmed.

A mistrial is an extreme remedy, to be sparingly used for "a narrow class of highly prejudicial and incurable errors" committed during the trial process. *Turner v. State*, 570 S.W.3d 250, 268 (Tex. Crim. App. 2018). It is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Accordingly, a trial court would be required to grant a mistrial only in those instances where it is apparent from the record that an objectionable event has occurred which is so inflammatory that curative instructions would most likely be unsuccessful in preventing the jury from being unfairly prejudiced against the defendant. *Bauder v. State*, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996), *overruled on other grounds*, *Ex parte Lewis*, 219 S.W.3d 335, 337 (Tex. Crim. App. 2007). Therefore, the denial of a motion for mistrial is reviewed for abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Grotti v. State*, 209 S.W.3d 747, 776 (Tex. App.—Fort Worth 2006), *aff'd*, 273 S.W.3d 273, 283–84 (Tex. Crim. App. 2008).

ANALYSIS

Appellant met his initial burden to show a violation of article 36.22 by the alternate juror's presence and participation during the first day of deliberations. *Cf. Becerra v. State*, No. 10-17-00143-CR, 2022 Tex. App. LEXIS 2602, at *7–8 (Tex. App.—Waco April 20, 2022, pet. granted) (mem. op., not designated for publication) (holding defendant did not meet his burden to raise a presumption of harm without a showing the alternate juror participated in deliberations or communicated with regular jurors); *Castillo v. State*, 319 S.W.3d 966, 972 (Tex. App.—Austin 2010, pet. ref'd) (declining to presume harm where the defendant did not present any evidence that alternate jurors had conversed with regular jurors). This Court can presume harm by the statutory violation. *See Laws v. State*, No. 06-19-00221-CR, 2022 Tex. App. LEXIS 4921, at *9 (Tex. App.—Texarkana July 19, 2022, pet. ref'd) (mem. op., not designated for publication). A violation of article 36.22 requires a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure.[4] *Trinidad v. State*, 312 S.W.3d 23, 27 n.15 (Tex. Crim. App. 2010) (noting Rule 44.2(b) governs the reversibility of statutory error).

In the underlying case, once the alternate and presiding jurors were questioned, the State rebutted any presumption of harm by showing the presence of the alternate juror during the first day of deliberations had no influence on the regular jurors. The alternate juror affirmed he did not express any opinions or thoughts during the initial vote. The presiding juror testified no one was aware of the alternate's identity on September 22. He further testified that deliberations began anew on September 26 and the alternate

---

[4] Rule 44.2(b) requires reversal only if an error affected a defendant's substantial rights and had an injurious effect or influence in determining the jury's verdict. TEX. R. APP. P. 44.2(b).

juror had not influenced him or any other jurors.  The "Jury Sentiments" of the initial vote was not seen by anyone but the presiding juror who generated the note.  The note was provided to the bailiff on September 22, and it was not used during deliberations on September 26.  Thus, under the circumstances of the underlying case, any presumption of harm was rebutted by the testimony showing the alternate juror was not an outside influence on the regular jurors.  The record does not establish the statutory violation affected Appellant's substantial rights.  We conclude the trial court did not abuse its discretion in denying Appellant's motion for mistrial.  His sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.